IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN M. KAFORA,

    Plaintiff,

vs.                                                          No. CIV 96-0877 MV/WWD

MARVIN T. RUNYON,
POSTMASTER GENERAL,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant's Motion for Summary Judgment, filed August 19, 1997 **[Doc. No. 21]**. The Court, having reviewed the pleadings and relevant law and being otherwise fully informed, finds that the motion is not well taken and will be **denied.**

### Background

The Court gleans the following facts from the parties' pleadings. Mr. John Kafora is a veteran of the United States Air Force who, since 1978, has worked for the United States Postal Service and from 1979 has been a letter carrier in Albuquerque. In November 1993 Mr. Kafora's postal career took a turn for the worse when he injured his biceps near his right shoulder while at work. Following treatment Mr. Kafora returned to work, albeit with temporary lifting restrictions which his physician imposed. In addition, Mr. Kafora can not work more than 8 hours a day as a letter carrier. In February, 1994 Mr. Kafora agreed to work temporarily in a light duty assignment, but on September 22, 1994 Mr. Kafora re-injured his arm while working on a new mail route, necessitating another hiatus from his duties.

In his complaint, Mr. Kafora claims that while he was on light duty assignment his managers harassed him by arbitrarily changing his work hours and by treating him differently than others so situated.  Mr. Kafora also alleges that when he resumed carrying mail and was subject to time limitations his supervisors refused to give him assistance in completing his route without working overtime.  Mr. Kafora eventually filed a complaint with the Postal Service Equal Employment Opportunity Counselor.  Co-workers allegedly then verbally harassed him; on one occasion a co-worker called him "a worthless piece of shit," which his manager interpreted as disgruntlement for Mr. Kafora's not fully performing his job.  Mr. Kafora claims that as a result of this harassment and retaliation he suffered a nervous breakdown requiring hospitalization and has sustained various economic damages.

Postmaster General Runyon does not dispute the bulk of Mr. Kafora's allegations, in particular admitting that on one occasion one of Mr. Kafora's co-workers insulted him.  Mr. Runyon claims, however, that in order to function as a letter carrier in Albuquerque Mr. Kafora must be able both to carry packages up to 70 pounds and to work overtime on a regular basis.  Mr. Runyon points to the collective bargaining agreement existing between the Postal Service and the National Association of Letter Carriers to support his position that regular overtime is a requirement of a letter carrier's job.

Mr. Kafora presents a contrary argument.  Claiming that the lifting restriction which doctors placed on him are now no longer in effect, Mr. Kafora also disputes the requirement for overtime work that Mr. Runyon has put forth.  In addition, citing a Local Memorandum of Understanding between Branch 504 of the National Association of Letter Carriers and the Postal Service, Mr. Kafora argues that overtime is elective, not required.  Moreover, the Memorandum includes provisions for

2

letter carriers to avoid overtime altogether if they periodically provide a medical certificate.  Lastly, Mr. Kafora also points out that the Memorandum contains a provision whereby he could receive a permanent light duty assignment.  Prior to bringing his lawsuit, Mr. Kafora exhausted his administrative remedies.

Mr. Runyon is silent about the Local Memorandum of Understanding.

## Discussion

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c).  Under this standard, the moving party initially carries the burden of pointing out to the trial court that there is an absence of evidence to support the nonmoving party's case, although the moving party "need not affirmatively negate the nonmovant's claim in order to obtain summary judgment." Allen v. Muskogee, Oklahoma, 119 F.3d 837, 840 (10th Cir. 1997), cert. denied, 118 S.Ct. 1165 (1998), citing Celotex v. Catrett, 477 U.S. 317, 322-23, 325 (1986). The Court examines the factual record and all reasonable inferences therefrom in the light most favorable to the nonmoving party, Allen, 119 F.3d at 839-40, and materiality of facts in dispute, if any, is dependent upon the substantive law,  id. at 839, citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Once the movant has met this burden, Rule 56 requires the nonmovant to go beyond the pleadings and show, through affidavits, depositions, answers to interrogatories, and the like that there is a genuine issue for trial. Allen, 119 F.3d at 841, citing Celotex, 477 U.S. at 324; see also Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1988).  Conclusory allegations are not enough, Adler v. Wal-Mart Stores, Inc., __ F.3d __, 1998 WL 247700 at *4 (10th

Cir. 1998), but summary judgment "is warranted only if the uncontroverted material facts establish that the moving party is entitled to judgment as a matter of law." David v. City and County of Denver, 101 F.3d 1344, 1355 (10th Cir. 1996), cert. denied, 118 S.Ct. 157 (1997).

The controlling law in this case is the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791. The Tenth Circuit, in considering various provisions of that statute, has established that "to qualify for relief, a plaintiff must demonstrate that (1) [h]e is a handicapped person within the meaning of the Act; (2) [h]e is otherwise qualified for the job;[1] and (3) [h]e was discriminated against because of the handicap." Woodman v. Runyon, 132 F.3d 1330, 1338 (10th Cir. 1997). Moreover, the Woodman court explains that for federal employers, "nondiscrimination requires more than mere 'equal treatment' of disabled employees and job applicants, and encompasses an affirmative duty to meet the needs of disabled workers and to broaden their employment opportunities." Id. at 1337-38.

The sole issue in the present motion is whether Mr. Kafora is "otherwise qualified" for his job with the Postal Service. Mr. Runyon's brief does little more than articulate the requirement that Mr. Kafora must show that he is a handicapped person, without illustrating why Mr. Kafora does not meet this prong of his prima facie case. Mr. Runyon, therefore, has not met his burden under Rule 56 of showing an absence of evidence that would support a finding of Mr. Kafora's handicap. In addition, Mr. Runyon is silent in his brief with respect to the third part of the prima facie requirement, which obliges Mr. Kafora to show that he was discriminated against because of his condition. In the face of Mr. Runyon's admission of language a co-worker used in this case, this was perhaps a wise choice.

Mr. Runyon has met his burden of showing, however, that Mr. Kafora may not be an

---

[1] Gilbert v. Frank, 949 F.2d 637, 641 (2nd Cir. 1991) suggests that the term "qualified handicapped" person is more logical than "otherwise qualified handicapped" person. In order to avoid creating ambiguity with Tenth Circuit law, however, this Court will use the term "otherwise qualified."

4

otherwise qualified individual.  Reduced to its essence, Mr. Runyon's argument is that because of lifting and time restrictions Mr. Kafora can not fulfill his essential postal duties, which include lifting up to 70 pounds and regularly working overtime, and that thus the Court should find that Mr. Kafora is not otherwise qualified.  For support Mr. Runyon cites Gilbert v. Frank, 949 F.2d 637 (2nd Cir. 1991) and Shiring v. Runyon, 90 F.3d 827 (3rd Cir. 1996).  In Gilbert the Second Circuit Court of Appeals noted that a plaintiff may not require as part of a reasonable accommodation the "elimination of any of [a] job's essential functions."  Gilbert, 949 F.2d at 642.  The Shiring court explained that to be otherwise qualified, a plaintiff must be able to perform the essential functions of a position.  Shiring, 90 F.3d at 831, citing 29 C.F.R. § 1614.203(a)(6).  In order to defeat this motion then, Mr. Kafora must show that there is a genuine issue of material fact with respect to his being otherwise qualified.

The Court easily finds that Mr. Kafora has met his burden.  Mr. Runyon has introduced, through the declaration of Mr. Raymond Montaño, Labor Relations Specialist for the Albuquerque district of the Postal Service, evidence that a postal employee in Albuquerque is required both to lift up to 70 pounds and to regularly work overtime.  Mr. Runyon has also provided the Court with a copy of the collective bargaining agreement which sets out that overtime is not only contemplated, but required.  Mr. Kafora has presented his own affidavit, however, from Branch 504 president William Prestien, testifying that overtime can be rare and is voluntary.  Mr. Kafora has also provided the Court with a copy of the local agreement between the Postal Service and Branch 504, which states not only that overtime is voluntary, but that an ill or injured employee can request permanent reassignment to light duty, to which request the Postal Service shall give the greatest consideration and careful attention.  The Court also notes that the collective bargaining agreement itself provides

5

for the imposition of overtime to first fall on junior employees.  Given Mr. Kafora's 18 years of service, the Court is not persuaded that even the collective bargaining agreement conclusively mandates overtime in his case.  Lastly, both parties hotly contest whether Mr. Kafora can lift up to 70 pounds as part of his postal duties.  In sum, there exist genuine factual issues as to Mr. Kafora's lifting capabilities and the contours of the Postal Services' overtime work.  These issues, because they go to Mr. Kafora's essential duties and whether he is otherwise qualified, are material under the Rehabilitation Act and preclude summary judgment.

**THEREFORE,**

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment, filed August 19, 1997 **[Doc. No. 21]** be, and hereby is, **denied**.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE

September 11, 1998

| Counsel for Plaintiff | Counsel for Defendant |
|---|---|
| Steven F. Granberg , Esq. <br> Singer, Smith & Williams <br> PO Box 25565 <br> Albuquerque, NM 87125 <br> (505) 247-3911 <br> Fax: 247-9533 | Marilyn S. Hutton , Esq. <br> US Attorney's Office <br> District of New Mexico <br> PO Box 607 <br> Albuquerque, NM 87103 <br> (505) 346-7274 <br> Fax: 766-8517 |